# WEIL, GOTSHAL & MANGES LLP

700 LOUISIANA
SUITE 1600
HOUSTON, TEXAS 77002-2784
(713) 546-5000
FAX: (713) 224-9511

BEIJING
BOSTON
BUDAPEST
DALLAS
DUBAI
FRANKFURT
HONG KONG
LONDON
MIAMI
MUNICH
NEW YORK
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SILICON VALLEY
WARSAW
WASHINGTON, D.C.

*713-546-5313*
*doug.mcclellan@weil.com*

August 13, 2010

**BY ELECTRONIC FILING**

The Honorable Arlene R. Lindsay
United States District Court
Eastern District of New York
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722

Re: *Honeywell v. 2Gig Technologies, Inc. and Scott Simon*, No. 09 CV 5156

Dear Judge Lindsay:

We write on behalf of Defendants 2GIG Technologies, Inc. and Scott Simon to request a modest extension to the case schedule that would move the pretrial conference date by less than one month.  The parties have met and conferred in writing and by teleconference, and Honeywell opposes the extension.  Defendants are seeking the extension for four reasons:

1. Robert Berezin, the partner managing this case on behalf of Defendants, was unexpectedly admitted to the hospital two days ago with a severe medical emergency, had surgery yesterday, and is expected to require at least several weeks to recover.

2. We do not yet have a Markman ruling construing the claims of the asserted patent, which will significantly affect the claims and defenses in this case.  Given the impact of this ruling, the parties have already informally agreed to indefinitely suspend depositions of the parties' four technical experts past the current discovery deadline of August 13, pending the receipt of a claim construction ruling.  We believe that a formal extension is necessary to give the parties sufficient time to finish expert discovery and prepare for summary judgment and pre-trial deadlines.

3. In addition to expert depositions (all of which remain outstanding), there is a significant amount of outstanding third party discovery, including three depositions of third parties

WEIL, GOTSHAL & MANGES LLP

The Honorable Arlene R. Lindsay
August 13, 2010
Page 2

that the Plaintiff intends to pursue after today's discovery deadline and one deposition of a former Honeywell employee subpoenaed by the Defendants.

4. Finally, the Plaintiff submitted a supplemental, affirmative damages expert report this week that includes new theories, new evidence, and a new lost profits damages calculation, necessitating additional time for Defendants to respond to it. The new report also relies on newly disclosed conversations with a variety of Honeywell witnesses, including four persons previously unidentified by Honeywell in its disclosures. Mr. Hoeberlein's deposition was originally noticed for this week, but the Plaintiff did not accept the date until late Monday evening when it served the new expert report without prior notice that it would do so. Due to Mr. Berezin's medical condition and the new theories and evidence raised in Mr. Hoeberlein's new report, the Defendants requested Plaintiff to push Mr. Hoeberlein's deposition by three business days. The Plaintiff has indicated that Mr. Hoeberlein will not be available for deposition until after August 31, 2010, which is beyond the current dispositive motion deadline of August 27, 2010.

Due to Mr. Berezin's medical condition, and in order to accommodate the receipt of a Markman ruling, the completion of expert discovery, third party depositions, and, thereafter, the submission of summary judgment papers, Defendants propose the following modest extension to the case schedule, subject to the Court's availability:

|  | Current Schedule | Proposed Extended Schedule |
|---|---|---|
| Discovery cutoff | August 13, 2010 | September 24, 2010 |
| Dispositive motions | August 27, 2010 | September 24, 2010 |
| Pre-trial conference | Sept 28, 2010 | A date between October 19-26, 2010 |

The initial conference in this case was held pursuant to Rule 16 of the Federal Rules of Civil Procedure on February 3, 2010. Defendants' proposed extension would move the close of discovery to September 24, 2010, less to than eight months after the initial conference, which is well within Judge Wexler's nine month deadline. This is the second extension of the schedule sought by 2GIG in this matter. The first extension was unopposed by Plaintiff and entered by your Honor's order dated July 2, 2010.

A considerable amount of discovery has been accomplished in this case in a relatively short time. The parties have taken over fifteen depositions and have also exchanged nine expert reports on damages, infringement, and invalidity of the asserted patent. Further, the parties have fully submitted briefing on disputed claim terms and appeared before Special Master Rando for a *Markman* hearing on May 25, 2010. Moreover, the parties have served a sizeable number of requests for admission and interrogatories to narrow the scope of disputed facts. Clearly, the parties have made significant progress over the past several months.

WEIL, GOTSHAL & MANGES LLP

The Honorable Arlene R. Lindsay
August 13, 2010
Page 3

However, despite this progress, a substantial amount of work is left to be done prior to the close of discovery.  First, the parties have a sizeable number of depositions remaining.  Having exchanged nine expert reports, the parties have already agreed to defer depositions of all of these experts until after the close of discovery on August 13.  In addition, the Plaintiff is taking the deposition of Linear, the third party which manufactures the accused product, on August 20, 2010.  And Plaintiff has served deposition subpoenas on Goldman Sachs and Jupiter Partners, which will need to be scheduled after the close of discovery if they go forward.  Defendants intend to take the deposition of Herb Lustig, a former employee of Plaintiff.  Given the parties' agreement that certain experts will be deposed for multiple days, this leaves at least 10-12 days of depositions that will need to be taken <u>after</u> the current discovery deadline.

Additionally, the parties should have adequate time to prepare dispositive motions.  The current deadline for notice of dispositive motions is August 27, just two weeks from today.  It will not be possible for the parties to take the remaining expert and third party depositions prior to this date, much less to use this testimony in their motions.

Finally, the attorney who has been managing this litigation on behalf of Defendants is currently in the hospital and his recovery is expected to take several weeks.

Defendants' request for a modest extension (which would extend the pretrial conference by less than 1 month) should be granted due to Mr. Berezin's medical emergency, the fact that the Markman order has not yet issued, and the substantial amount of discovery remaining despite the diligence of the parties.  In addition, Honeywell has not sought a preliminary injunction in this case, and Honeywell will not be unfairly prejudiced by the very short delay in the case schedule.

We therefore respectfully request that you order the Proposed Extended Schedule set forth in the chart above.

Sincerely,

/s/ Doug W. McClellan

Doug W. McClellan

3