767 Fifth Avenue
New York, NY 10153
213-310-8000

**Weil, Gotshal & Manges LLP**

**Robert S. Berezin**
213-310-8884
Robert.Berezin@weil.com

September 24, 2010

The Honorable Arlene R. Lindsay
United States District Court
Eastern District of New York
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722

Re: *Honeywell v. 2Gig Technologies, Inc. and Scott Simon*, No. 09 CV 5156

Dear Judge Lindsay:

We write on behalf of Defendants 2GIG Technologies, Inc. and Scott Simon to request leave to exceed the limit of ten fact depositions by serving two additional third party subpoenas to obtain critical discovery to corroborate evidence and testimony that Honeywell obtained the ideas embodied in the asserted patent in 1996 from a third party consultant named Peter Axelsen. Last week, after the depositions of the relevant Honeywell employees had taken place, Honeywell suddenly produced documents relevant to this issue that Defendants had been requesting since at least June. Then, two days ago, as a result of Defendants' diligent efforts in pursuing discovery, Mr. Axelsen produced highly relevant emails exchanged between Honeywell and Mr. Axelsen that were not produced by Honeywell. Given that Honeywell is denying the authenticity of key evidence that it received the patented ideas from Mr. Axelsen, these two subpoenas are necessary to allow Defendants to further corroborate the new evidence that has recently been unearthed, which contradicts assertions made by Honeywell throughout this litigation and casts doubt on the inventorship, validity, and enforceability of the patent Honeywell is asserting against the Defendants.

Allowing Defendants to issue these two narrow subpoenas is in the interest of justice because the documents and testimony are highly relevant to this case, they are not cumulative of other discovery, Defendants have diligently attempted to obtain the discovery from Honeywell, and Honeywell would not be unfairly prejudiced. See Federal Rule Civil Procedure 26(b)(2)(C).

In response to Defendants' subpoena, Mr. Axelsen produced a copy of a proposal that he testified that he provided to several Honeywell executives in December 1996 and January of 1997 (four years before the filing of the patent being asserted against Defendants). See Ex. 1, Axelsen Depo. at 33:15-25; 40:23 to 41:16. This document is a detailed proposal and specification for the development of a new product by Mr. Axelsen's company and another company, Newtronix. See Ex. 1, Axelsen Depo. at 24:13-28: 19. The 1996 proposal is important because it describes in detail the same ideas later patented by Honeywell – showing that Honeywell obtained those ideas from Mr. Axelsen, who was the true inventor.

The Hon. Arlene R. Lindsay                                              Weil, Gotshal & Manges LLP
September 24, 2010
Page 2


Honeywell does not dispute (a) that it executed (through its subsidiary ADEMCO) a formal agreement with Mr. Axelsen in 1997 to jointly develop a new product highly similar to that described in Mr. Axelsen's 1996 proposal or (b) that Mr. Axelsen worked with Honeywell for several years on this project.  See Ex. 2, Joint Development Agreement, HON0043247 – HON0043298.  However, Honeywell has refused to acknowledge that it received Mr. Axelsen's 1996 proposal and disputes its authenticity.  Honeywell's denial is based on the testimony of Gordon Hope (a Honeywell executive involved in its negotiations with Mr. Axelsen) who testified that he did not remember one way or the other whether he received the 1996 proposal that led to the final agreement.  See Ex. 3, Hope Depo. at 103:4-7.

Throughout discovery, Defendants have diligently and repeatedly requested that Honeywell produce all documents related to the 1996 proposal (see, e.g., Ex. 4, Defendants Ltrs dated 4/21/10, 6/2/10, 6/15/10, 6/28/10), but to no avail.  Prior to September 13, Honeywell had not produced a single document related to the almost year-long negotiations between Honeywell and Mr. Axelsen.  Then on September 13, mere days after Defendants finished the deposition of a second Honeywell executive involved in the Axelsen negotiations, Honeywell made a selective production relating to the negotiations.  But Honeywell still has not produced important Honeywell communications involving Mr. Axelsen that have been independently produced by third parties.   Honeywell provided no explanation for its belated production, nor any explanation for why its selective production did not begin until after July 1997, over seven months after Honeywell's negotiations with Mr. Axelsen started.

Mr. Axelsen produced additional documents two days ago.  In contrast to Honeywell's production, these documents show negotiations between Honeywell beginning by at least Dec. 4, 1996, including December 1996 emails between Gordon Hope (the same Honeywell employee who testified that he did not recall seeing the 1996 proposal) and Mr. Axelsen discussing that very proposal.  See Ex. 5, 12/3/96 Axelsen email to Hope, PRA_0009160.  Notably, Honeywell has not produced these 1996 emails.  This week's production from Mr. Axelsen provides new evidence about the extent of his negotiations with Honeywell starting in December 1996 and the involvement of Newtronix.  (Newtronix was the third company involved in the Proposed Strategic Agreement being discussed by Honeywell and Mr. Axelsen.)

The Defendants are requesting leave to issue subpoenas to two former Newtronix employees, Richard Chan and Edmund Yeung, both of whom were involved in the 1996-1997 negotiations between Honeywell, Mr. Axelsen, and Newtronix.  Defendants only became aware that Mr. Yeung was involved in the Axelsen and Honeywell negotiations through Honeywell's late document production on September 13, 2010.  See Ex. 6 Draft Agreement, HON0382858-77 at 75.  The depositions of Mr. Chan and Mr. Yeung are necessary to further corroborate Mr. Axelsen's testimony and evidence because Honeywell's production is missing important documents about the Axelsen negotiations and Honeywell has denied the authenticity of key evidence such as the 1996 proposal.  Indeed, it was only based on Mr. Axelsen's document production that Defendants even received a copy of the 1996 proposal that evidences the true inventorship.  Honeywell's receipt of the idea for the invention in the asserted patent from a third party calls into question the inventorship, validity, enforceability of the asserted patent.  The documents and testimony of Mr. Chan and Mr. Yeung are highly relevant to corroborate Honeywell's

negotiations with Mr. Axelsen and the ideas and documents that Mr. Axelsen disclosed to Honeywell before it filed the provisional application for the asserted patent (without Mr. Axelsen's knowledge).[1]

Furthermore, Defendants have been diligent in pursuing the proposed discovery. Defendants have taken a corporate deposition of Honeywell on this issue along with the depositions of two Honeywell executives to which Mr. Axelsen testified he provided the 1996 Proposal, subpoenaed third parties, and repeatedly requested documents from Honeywell. Despite Defendants' diligence, Honeywell did not produce any documents related to the 1996-1997 Axelsen negotiations until last week, and this production appears incomplete.

Finally, Honeywell will not be unfairly prejudiced by this additional discovery. Although the discovery deadline is today, the parties have already agreed to take numerous depositions after discovery closes, including two days of depositions on October 5 and 6 at Honeywell's request. See Ex. 7, 9/20/10 M. Velez email to L. Muzzy. Furthermore, a claim construction order has not issued and the parties have agreed to postpone technical expert depositions until after that order issues.

In addition, Defendants spoke with Judge Wexler's clerk today, Ann Shields, who informed us that Judge Wexler will schedule the trial date after we receive a claim construction ruling and that we should not expect to have a trial until next year. Ms. Shields advised us to contact Special Master Rando to obtain an estimate of when the claim construction report will issue and to propose adjustments to the pre-trial conference schedule to the court based on the expected timeline for issuance of the Markman report. We contacted Special Master Rando today and will confer with Honeywell about preparing a new proposed schedule.

For these reasons, Defendants respectfully request that the Court to grant leave to issue two subpoenas duces tecum and take the depositions of Mr. Chan and Mr. Yeung.

                              Sincerely,

                              /s/ Robert S. Berezin

                              Robert S. Berezin

---

[1] The parties have met and conferred and Honeywell opposes the relief sought. Honeywell recently served its own subpoena for an eleventh fact deposition in this case, and Defendants agreed not to object to it in exchange for Honeywell not objecting to the depositions of Mr. Chan and Mr. Yeung. Honeywell rejected this proposal and instead demanded that it be allowed to re-depose witnesses whose depositions have already been taken in this case, which made this motion necessary.