767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Weil, Gotshal & Manges LLP**

**Robert S. Berezin**
(212) 310-8884
robert.berezin@weil.com

September 30, 2010

BY ELECTRONIC FILING

The Honorable Arlene R. Lindsay
United States District Court
Eastern District of New York
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722

Re:   *Honeywell Int'l, Inc. v. 2GIG Technologies, Inc. and Scott Simon* (No. 09 CV 5156)

Dear Judge Lindsay:

We write on behalf of Defendants 2GIG Technologies, Inc. and Scott Simon to respond to Plaintiff's September 29, 2010 letter seeking a second, seven-hour deposition of Scott Simon. Defendants do not oppose Plaintiff's request for a deposition of Mr. Inbar, and previously informed Plaintiff that they are willing to agree to his deposition in exchange for the depositions of Mr. Chan and Mr. Yeoung.[1]

A second deposition of Scott Simon is entirely unwarranted. Despite Plaintiff's assertion that unidentified "new claims" in Mr. Simon's Amended Answer provide a basis for their request, Mr. Simon's Amended Answer simply does not provide any basis for re-deposing Mr. Simon after an entire seven hours with him. First, it does not assert any new counterclaims - all of the claims were at issue at the time of Mr. Simon's deposition. Rather, it simply adds detail to a pre-existing counterclaim of inequitable conduct based on information provided by Honeywell during discovery – information that has been in the possession of Honeywell since prior to the filing of this lawsuit – and adds a single new defense of unclean hands based on this same information. Second, Mr. Simon has also provided a complete response to Honeywell's Interrogatory No. 8 detailing the bases for his claim of inequitable

---

[1] Plaintiff's letter omits that Defendants informed Plaintiff last Friday that they would not oppose its deposition of Mr. Inbar. See Ex. A. And while Plaintiff's letter accuses Defendants of violating the Court's conference rules, Defendants did not receive the quoted email from Mr. Khawaja until after midnight on Saturday, September 25 – shortly after Defendants filed the letter motion. See Ex. B. Plaintiff's letter omits that Defendants informed Honeywell of this fact on Monday, September 27, and offered to withdraw the letter motion if Honeywell would agree not to condition its consent upon its open-ended demand that it be allowed to depose unidentified or already-deposed witnesses such as Scott Simon. See id. Honeywell never responded.

Honorable Arlene R. Lindsay
September 30, 2010
Page 2

**Weil, Gotshal & Manges LLP**

conduct. Third, Mr. Simon's document production was completed in April, prior to his deposition. Fourth, another deposition of Mr. Simon will impose further, undue costs on an individual that Honeywell sued in his personal capacity even though this patent infringement suit is based on products sold by 2GIG. Accordingly, another seven hour deposition of Mr. Simon is not warranted and Plaintiff's request should be denied.

Plaintiff's attempt to re-depose Mr. Simon with essentially no justification cannot be reconciled with Honeywell's refusal to permit additional deposition time where it is plainly warranted. For example, Honeywell's key witness, Steven Winick, was deposed before Honeywell amended its Complaint and Answer to Defendants' Counterclaims to add two new affirmative defenses and without the production of Mr. Winick's Honeywell documents dated from 1996 through 2001. Honeywell has refused to produce these documents even though Honeywell's production contains only approximately sixty emails from Mr. Winick, with only one email dated prior to 2000. This production cannot be squared with Mr. Winick's deposition testimony, in which he stated that he has thousands of emails dated prior to 2000 relating to his work at Honeywell and Alarm Net (Honeywell's subsidiary). See Ex. C, Winick Dep. pp. 338-340. Honeywell has been made aware of these deficiencies on several occasions and has yet to produce any additional documents after the April 14 deposition of Mr. Winick. Honeywell's request to re-depose Mr. Simon without cause cannot be reconciled with its failure to produce Mr. Winick's Honeywell documents from the 1996-2001 time period and offer additional deposition time of Mr. Winick with respect to them.

Likewise, Honeywell's position that it should be able to re-depose Mr. Simon for a second day is inconsistent with its prior position refusing to allow more than a single, seven-hour day for the combined corporate and fact depositions of Honeywell's witnesses (e.g., Mr. Cornett and Mr. Rothman) who were noticed in their individual capacities and further designated to testify on behalf of Honeywell on numerous 30(b)(6) topics. See Ex. D. Since their depositions, Mr. Cornett and Mr. Rothman have provided new information relied upon by Honeywell's damages expert. In short, if Honeywell were allowed to take another deposition of Scott Simon, fairness would require that Defendants be allowed to have additional deposition time with Honeywell witnesses such as Mr. Winick, Mr. Cornett, and Mr. Rothman. Opening the door to having fact witnesses deposed multiple times is in neither party's interest.

For all of the reasons set forth above, Defendants respectfully request that the Court deny Plaintiff's request for a second, open-ended deposition of Mr. Simon. As previously explained, Defendants do not oppose Plaintiff's deposition of Mr. Inbar because he has not already been deposed in this case.

Sincerely,

/s/ Robert S. Berezin

Robert S. Berezin